# NIZAN v ROYAL BUICK COMPANY, INC., et al.
## Case No. 89-17847
Thirteenth Judicial Circuit, Hillsborough County
November 20, 1989

### APPEARANCES OF COUNSEL

**Scott T. Borders,** Peavyhouse, Clark, Charlton, Opp & Martino, P.A., for plaintiffs.

**William C. Guerrant, Jr.,** Dykema Gossett, for defendant, Royal Buick Company, Inc.

### OPINION OF THE COURT

WALTER N. BURNSIDE, Circuit Judge.

### *ORDER DENYING DEFENDANT ROYAL BUICK COMPANY, INC.'S MOTION TO DISMISS*

THIS CAUSE came on before this Court on November 16, 1989, on Defendant Royal Buick Company, Inc., Motion to Dismiss Count III

164

of Plaintiff's complaint which alleges entitlement to Revocation of Acceptance against Royal. Royal's motion alleged that Plaintiff's revocation of acceptance claim under the Uniform Commercial Code was barred by Florida Statute § 681.113 which reads in pertinent part, "A dealer may not be made a party defendant in any action involving or relating to this chapter, except as provided in this section."

Plaintiffs replied alleging that the above language was an unconstitutional encroachment by the Legislature upon the Supreme Court's rule making powers with regard to civil procedure; was an unconstitutional violation of plaintiffs' access to the courts; or in the alternative that the intent of the statute was to bar plaintiffs from joining an automobile dealer as a defendant in a county brought under the Motor Vehicle Warranty Enforcment Act.

The Court having heard argument of counsel and being fully advised in the premises, the Court makes the following conclusions of law;

That it was the intent of the Legislature that dealers not be made a party defendant to a county under the Motor Vehicle Warranty Enforcement Act, but could be named, as a party defendant in a separate claim within the same suit.

Upon the foregoing findings, it is:

ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss is denied; and

2. Defendant shall have twenty (20) days from the date of the Order within which to file its answer and defenses.

DONE AND ORDERED this 20th day of November, 1989.